UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE:

OZELL NEELY,                                                          Case No.: 09-74877-ast

                 Debtor.                                             Chapter 7

-------------------------------------------------------------X

## DECISION AND ORDER LIFTING STAY

### Issues before the Court and Summary of Ruling

Pending before the Court is the Motion for Relief from Stay filed by Bayview Loan Servicing LLC ("Bayview"). [dkt item 109]  The Motion seeks relief from the automatic stay of Section 362 of the Bankruptcy Code in order for Bayview to continue with two foreclosure actions against Ozell Neely, the Debtor ("Mr. Neely" or the "Debtor"), and properties located in Baldwin, New York.  Debtor opposes the Motion and alleges, *inter alia*, that cause has not been shown to grant stay relief.   For the reasons set out herein, this Court concludes that the stay should be lifted.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (G) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

### Facts and Background

Prior to filing this case, Mr. Neely had filed case number 08-77035-ast under chapter 13 of the Bankruptcy Code.  Mr. Neely proceeded pro se in that case.  That case was dismissed

without a plan being confirmed and, as has been determined since, with a failure by Mr. Neely to disclose substantial assets and liabilities.

Initially, Mr. Neely filed this as a case under chapter 11 of the Bankruptcy Code on June 30, 2009. On October 23, 2009, this Court granted the United States Trustee's motion to convert this case to a case under chapter 7. [dkt item 60] Mr. Neely was represented by counsel during the chapter 11 phase of this case, has been proceeding pro se in the chapter 7 phase. Mr. Neely has personally attended virtually every hearing in this case.

On February 3, 2010, Bayview filed its Motion for Relief from the Automatic Stay (the "Motion"). [dkt item 109] Bayview seeks stay relief with respect to the properties commonly known as 699 School Street, Baldwin, New York 11510 ("Property 1"), and 21 Edna Court, Baldwin, New York 11510 ("Property 2," and together with Property 1, the "Properties"). The Motion was supported by, *inter alia*, the mandatory E.D.N.Y worksheet,[1] which demonstrated the following salient facts:

> that as to Property 1, the total debt was $1,371,376.13; the value was estimated at $1,100,000.00 based on a 2006 appraisal; and that the last payment made was in June 2007; and
>
> that as to Property 2, the total debt was $1,303,014.13; the value was estimated at $1,050,000.00 based on a 2006 appraisal; and that the last payment made was in July 2007.

[dkt item 109]

---

[1] On July 18, 2008, this Court issued General Order 533, which requires that all motions seeking relief from the automatic stay pursuant to 11 U.S.C. § 362 to foreclose a mortgage on real property or a security interest in a cooperative apartment filed on or after September 1, 2008, include, as an exhibit to the motion, a completed copy of a Form for Motions for Relief from Stay to Foreclose a Mortgage on Real Property or a Security Interest in a Cooperative Apartment (the "Worksheet").

A hearing on the Motion was scheduled and noticed for February 25, 2010 (the "Hearing").

On February 19, 2010, Bayview supplemented its Motion with updated valuation information. [dkt item 116] As to Property 1, Bayview provided Comparable Data Reports from 2008 and 2009 prepared by JJG Real Estate Appraisers, demonstrating a reconciled market value of $790,000.00 and $700,000.00, respectively for those years. As to Property 2, Bayview provided Comparable Data Reports from 2008 and 2009 prepared by JJG Real Estate Appraisers with respect to demonstrating a reconciled market value of $790,000.00 for each year.

On February 22, 2010, the Chapter 7 Trustee, Kenneth P. Silverman, made an electronic entry in the Court's official CM ECF records that he had reviewed the Motion and did not oppose the Motion.[2]

On February 24, 2010, Mr. Neely filed an untimely objection to the Motion.[3] [dkt item 120] In his Objection, Mr. Neely asserts that Bayview has not demonstrated cause to obtain stay relief. Mr. Neely made only legal arguments, however, and did not raise any facts to controvert those demonstrated by Bayview.

On February 25, 2010, this Court conducted the Hearing. Mr. Neely orally challenged the status of his delinquencies in payments, and orally challenged the values ascribed to the Properties. As a result, this Court gave Mr. Neely twenty days to submit evidence of the value of the Properties as well as evidence of his alleged payments. Bayview was also given twenty

---

[2] These electronic entries are not assigned ECF event numbers.

[3] The Local Rules of this Court require objections to be filed at least seven (7) days prior to the hearing. E.D.N.Y. LBR 9006(a)(ii).

days to submit a payment history as well as to update the Court as to the status of any prepetition foreclosure actions. After expiry of the twenty days, the Motion would be under submission, with a further hearing scheduled only if deemed necessary by the Court.

On March 11, 2010, Bayview filed a further affidavit in support of the Motion. [dkt item 126] This affidavit provided a payment history, and demonstrated that, since June 2007, Mr. Neely had sent only enough funds to Bayview to cover one month's mortgage payment on Property 1, and that, since July 2007, Mr. Neely had sent only enough funds to Bayview to cover approximately one-half of one month's mortgage payment on Property 2. This affidavit also demonstrated that Property 1 was scheduled for a foreclosure sale in July 2009, and Property 2 was scheduled for a foreclosure sale in August 2009. As noted, this case was filed on June 30, 2009.

Mr. Neely neither filed any evidence of value for the Properties, nor provided evidence of any payments he made. On March 15, 2010, Mr. Neely filed Amended Schedules and Statement of Financial Affairs, but these did not relate in any manner to the Properties at issue herein. [dkt item 128] Debtor's original Schedules, filed on July 21, 2009, while this case was pending as a chapter 11, scheduled Bayview as being owed $1.1 million with respect to each of the Properties, and scheduled the value of each of the Properties as "Unknown." [dkt item 15]

## Analysis

The automatic stay is among the most basic of debtor protections provided under bankruptcy law. Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against "the commencement or continuation . . . of a judicial,

administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. " 11 U.S.C. § 362(a)(1).

The automatic stay, however, is not without its limitations and exceptions. The Bankruptcy Code has long provided that the stay may be terminated either for cause, including lack of adequate protection, pursuant to Section 362(d)(1), or if the debtor lacks equity in the subject property, pursuant to Section 362(d)(2)(A) and the property is not necessary to an effective reorganization, pursuant to Section 362(d)(2)(B). Because this is a Chapter 7 case, the Properties are not necessary to an effective reorganization.

The only issues here, therefore, are whether the bankruptcy estate has any equity in either of the Properties, and, alternatively, whether cause exists to grant stay relief. This Court concludes that the estate does not have equity in either of the Properties, and the stay should be terminated.[4]

Section 362(g) provides that the party seeking stay relief bears the burden of proof on the issue of equity, and the party opposing stay relief bears the burden of proof on all other issues. Bayview has met its burden of proof. Mr. Neely failed to establish any legitimate controversy over the amounts Bayview is owed or the value of the Properties. The estate lacks equity in both Properties. Therefore, Bayview is entitled to stay relief under Section 362(d)(2).

---

[4] Because this Court has lifted the stay under 11 U.S.C. § 362(d)(2), this Court does not reach the issue of cause under 11 U.S.C. § 362(d)(1).

## Conclusion and Order

The automatic stay in effect pursuant to Section 362 is hereby terminated as to Bayview, such that Bayview may take any all action under applicable state law to exercise its remedies against the Properties. Bayview is directed to serve a copy of this Decision and Order on the Chapter 7 Trustee and Mr. Neely within three (3) business days of entry hereof.

SO ORDERED.



**Dated: March 31, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**